# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARLENEA JACKSON and
ERICA JACKSON (a minor),

    Plaintiffs,

UNITED HEALTHCARE INSURANCE
 COMPANY,

    Involuntary Plaintiff,

    v.                                Case No. 07-C-1037

McKAY-DAVIS FUNERAL HOME, INC.,
SUHOR INDUSTRIES, INC.,
OKLAHOMA WILBERT VAULTS,
DHL AIR EXPRESS S.A.,
TRAVELERS INSURANCE GROUP and
HARTFORD CASUALTY INSURANCE COMPANY,

    Defendants.

## DECISION AND ORDER

On November 21, 2007, the plaintiffs, Marlenea and Erica Jackson, filed suit against McKay-Davis Funeral Home, Inc. (McKay-Davis), Suhor Industries (Suhor), Oklahoma Wilbert Vaults (Wilbert Vaults), and DHL Air Express, S.A. (DHL). The plaintiffs alleged causes of action for breach of fiduciary duty, negligent handling of human remains, and negligent infliction of emotional distress stemming from the loss of the cremated remains of Eric Jackson, Marlenea's husband and Erica's father. On May 29, 2008, the plaintiffs filed an amended complaint adding Travelers Insurance Company (Travelers) and Hartford Casualty Insurance Co. (Hartford) as defendants and adding a breach of contract claim against

defendant DHL. By stipulation, Suhor and Wilbert Vaults have been dismissed from this action.

On December 23, 2008, the court granted DHL's partial motion for summary judgment on the plaintiffs' claims of breach of fiduciary duty, negligent handling of human remains, and negligent infliction of emotional distress. On August 4, 2010, DHL filed another motion for summary judgment on the plaintiffs' breach of contract claim, which is the only cause of action still pending against DHL. (Docket # 158). Specifically, DHL seeks a judgment limiting plaintiffs' recovery from DHL to a maximum of $100.00, as set forth in the contract of carriage. This motion for summary judgment has been fully briefed and will be addressed herein.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Mach., 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that under the applicable substantive law "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The burden of showing the needlessness of a trial – (1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law – is upon the movant. In determining whether a genuine issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co.,

Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict.  Anderson, 477 U.S. at 267; see also, Celotex Corp., 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . ."); Fed. R. Civ. P. 56(e).

## RELEVANT UNDISPUTED FACTS[1]

Marlenea Jackson contracted with McKay-Davis Funeral Home, Inc. (McKay-Davis) to provide funeral services for her deceased husband, cremate his remains, and ship those remains to the plaintiffs' home.  McKay-Davis contracted with Suhor Industries, Inc. (Suhor) to ship decedent's cremains to Marlenea Jackson and agreed to "assume liability for any damages that may arise from any cause growing out of said delivery or shipment thereof, and release [Suhor] from all liability that may attach hereto by reason of said delivery of shipment." (Affidavit of James J. Gende II [Gende Affidavit], ¶ 4, Exh. C).

DHL Air Express, S.A. (DHL) is an all-cargo carrier.  On Tuesday, July 18, 2006, Suhor tendered a one package shipment to DHL under DHL Air Waybill No. 52089642242.  The subject shipment was accepted by DHL from the shipper for transportation from Suhor Industries, 345 West Hefner Road, Oklahoma City, Oklahoma 73114, to plaintiff Marlenea Jackson, 8661 Ventana Drive, Apartment 3511, Oak Creek, Wisconsin 53154.  Suhor informed the DHL driver that picked up the package that it contained cremains.

---

[1] As a general matter, unless accompanied by citation, the relevant facts are taken from the parties' proposed findings of fact which are not disputed.  Citations to sources of quoted excerpts have been included, even when those excerpts are undisputed

Defendant Suhor, the shipper, and DHL entered into a contract of carriage governed by the DHL Express Terms and Conditions of Carriage. Pursuant to this contract of carriage, "human remains" are classified as an unacceptable item for shipment because they cannot be shipped "safely or legally." (Gende Affidavit, ¶ 6, Exh. D). The shipper did not request or pay for Shipment Value Protection for the shipment at issue. The spaces where a shipper can declare a higher value, in the section marked "Shipment Valuation" and in the box marked "Shipment Value Protection," were left blank on the air waybill.

The front of the air waybill, which was signed by defendant Suhor on July 18, 2006, states as follows:

> ABSENT A HIGHER SHIPMENT VALUATION, CARRIER'S LIABILITY IS LIMITED TO $100 PER PACKAGE, OR ACTUAL VALUE, WHICHEVER IS LESS. SPECIAL OR CONSEQUENTIAL DAMAGES ARE NOT RECOVERABLE. SEE TERMS AND CONDITIONS ON REVERSE SIDE OF THIS NON-NEGOTIABLE WAYBILL.

(Affidavit of Carol Marcus-Stanley [Marcus-Stanley Affidavit], ¶¶ 3-4, Exhs. A and B).

The DHL Express Terms and Conditions, which are contained on the back side of the air waybill, state as follows that in the absence of a higher declared value, DHL's liability is limited to $100.00:

> 6. DHL's Liability
>
> DHL's liability is strictly limited to direct loss only and to the per kg./lb. limits in this Section 6. If Shipper regards these limits as insufficient it must make a special declaration of value and request Shipment Value Protection as described in section 8 (Shipment Value Protection) or make its own insurance arrangements. All other types of loss or damage are excluded (including but not limited to lost profits, income, interest, future business), whether such loss or damage is special or indirect, and even if the risk of loss or damage was brought to DHL's attention before or after acceptance of the Shipment since special risks can be insured by Shipper. If a Shipment combines carriage by air, road, or other mode of transport, it shall be presumed that any loss or damage occurred during the air period of such carriage unless proven

otherwise.  DHL's liability in respect of any one Shipment transported, without prejudice to Sections 7–11, is limited to its actual cash value and shall not exceed the greater of:

$US 100; or

For certain international Shipments in which the Warsaw Convention applies, approximately $US 20.00/kg or $US 9.07/lb., depending on applicable law; or

$US 10.00/kg. or $US 4.54/lb. for Shipments transported by road (not applicable to the US).

* * *

8.  Shipment Value Protection

If the Shipment has an actual value greater than the liability limits listed in Section 6, DHL can arrange shipment value protection for Shipper covering the actual cash value in respect of loss or of physical damage to the Shipment provided Shipper completes the Declared Value for Carriage section on the front of the waybill or requests it via DHL's automated systems and pays the applicable premium.  Shipment Value Protection does not cover indirect loss or damage, or loss or damage caused by delays.  If Shipper does not declare a value for carriage and pay the appropriate charge, Shipper assumes all risks of loss or damage over the amount of DHL's liability as stated in Section 6.

(Marcus-Stanley Affidavit, ¶¶ 3-4, Exhs. B and C).

The shipment as issue was delivered by DHL on Wednesday, July 19, 2006, at 2:10 p.m.  It was left at the front door of the plaintiffs' residence located at 8661 Ventana Drive, Apartment 3511, Oak Creek Wisconsin 53154.  DHL's delivery driver was informed that the delivery was not received, but was told not to return to conduct a search for Mr. Jackson's missing remains.

## ANALYSIS

In moving for summary judgment, DHL initially asserts that the plaintiffs lack standing and that the breach of contract claim is controlled by federal common law.  DHL maintains that the contract of carriage provides that, in the absence of a higher declared value, the

maximum a shipper can collect from DHL for a lost or damaged shipment is $100.00. Because the shipper, Suhor, failed to claim a higher value for the shipment, DHL contends that it can only be liable to the plaintiffs for a maximum of $100.00. DHL further states that, because the plaintiffs are third party beneficiaries of the contract of carriage, they are bound by the terms and conditions of the contract even though they are not parties to it.

In response, the plaintiffs assert that they are third party beneficiaries to the contract and therefore have standing. They further contend that federal common law does not apply because DHL breached its own self-imposed stipulation that it would not ship human remains. The plaintiffs appear to assert that, by accepting the shipment at issue after Suhor told the DHL driver that the box contained cremains, DHL breached that stipulation and that state law therefore applies. Further, the plaintiffs contend that the limited liability provisions of the contract of carriage also do not apply to them because they were not parties to the contract and did not agree to the limitation of liability. The plaintiffs also maintain that they are entitled to "seek full redress for all damages related to DHL's breach" and to have a jury "determine total damages in relation thereto." (Plaintiffs' Brief in Opposition to DHL's Motion for Summary Judgment [Plaintiffs' Brief] at 9). The plaintiffs further contend that the cases cited by DHL are inapposite because in those cases the plaintiffs sued only the air carrier and did not include the shipper.

In its reply brief, DHL reiterates its position that federal common law applies to this claim. DHL also contends that the limitation of liability applies even when a carrier is found to have acted negligently, so that the plaintiffs' assertions that DHL violated its internal operating procedures are irrelevant. DHL also notes that accepting the package for shipment after Suhor told the DHL driver that it contained cremains only prevents DHL from asserting

that it has no liability whatsoever, it does not void the limitation of liability. DHL further clarifies that it seeks only to limit its own liability to $100.00, and that this would have no bearing on the plaintiffs' ability to seek damages from the other defendants.

Although the parties initially disputed whether the plaintiffs have standing, DHL did not reiterate this argument in its reply brief. Rather, DHL stated that "plaintiffs concede that they are seeking recovery through their breach of contract claim against DHL as third party beneficiaries of the shipping contract between Suhor Industries and DHL." (DHL's Reply to the Opposition Brief Filed by Plaintiffs to DHL's Motion for Summary Judgment [DHL's Reply Brief] at 2-3). DHL then continued to assert that, as third party beneficiaries, the plaintiffs are bound by the contract. Because the plaintiffs state that they are third party beneficiaries and DHL does not dispute it, this court will assume that the plaintiffs are third party beneficiaries of the contract.

Despite the plaintiffs' contentions to the contrary, the court of appeals for this circuit has found that contract claims relating to liability limitations for air carriers are governed by federal common law. Treiber & Straub, Inc. v. United Parcel Service, 474 F.3d 379, 386-87 (7th Cir. 2007). The plaintiffs correctly note that federal common law does "not preempt regular breach of contract claims against airlines." Id. at 386 (citing American Airlines v. Wolens, 513 U.S. 219, 222 [1995]). However, the plaintiffs overlook the fact that several courts, including the court in Treiber, have found that issues relating to liability limitations for air carriers are not the kind of regular contract claims exempted from preemption by federal common law. See Treiber, 474 F.3d at 387; see also, King Jewelry v. Fed. Express Corp., 316 F.3d 961, 964-66 (9th Cir. 2003) ("[C]ourts must use [federal common law] to evaluate limited liability clauses in carrier contracts, but the [ADA] does not preempt contract claims

premised upon state law that do not attempt to alter the scope of carriers' liability for lost or damaged goods."); Read-Rite Corp. v. Burlington Air Express, 186 F.3d 1190, 1197 (9th Cir. 1999); Sam L. Majors v. ABX, Inc., 117 F.3d 922, 929 n.15 (5th Cir. 1997). "The shipping contract between a common carrier of packages by air and the shipper, while enforceable in state court, cannot be rewritten by state law." Treiber, 474 F.3d at 387.

The plaintiffs' assertion that DHL breached its own self-imposed stipulation against shipping human remains does not change the conclusion that federal common law controls in this case. Further, the plaintiffs' contentions in this regard miss the issue. The issue here is not whether DHL breached the contract of carriage, but whether the contract limits DHL's liability in the event of a breach. Accordingly, this court finds that federal common law preempts state law and will analyze this motion under the federal common law applicable to limited liability clauses in contracts of carriage by air.

It is well established under federal common law that "'if a carrier wishes to enforce a limited liability provision, its contract must offer the shipper (1) reasonable notice of limited liability, and (2) a fair opportunity to purchase higher liability.'" Treiber, 474 F.3d at 386 (quoting Read-Rite, 186 F.3d 1190, 1198 [9th Cir. 1999]). The undisputed facts demonstrate that DHL complied with these requirements. DHL provided clear and conspicuous notice on both the front and back of the air waybill signed by the shipper that its liability is limited to a maximum of $100.00, unless the shipper declares a higher shipment valuation. The front and back of the air waybill also provide clear notice that DHL's liability is limited to direct loss and does not cover special or consequential damages. DHL further offers the shipper the opportunity to purchase higher liability coverage. The front and back of the air waybill explain that the shipper may do so by declaring a higher shipment valuation in the spaces provided

on the front of the waybill.  Despite this ample notice and opportunity to declare a higher value, the shipper did not state a value for the shipment at issue.  DHL's limitation of liability and procedure for purchasing higher liability coverage are consistent with those previously upheld by courts.  See Treiber, 474 F.3d at 386; King Jewelry, 316 F.3d at 962-63 (9th Cir. 2003).

With respect to the plaintiffs' contentions that the limitation of liability does not apply because the plaintiffs were not parties to the contract and did not agree to the limitation, the plaintiffs have acknowledged that they are third party beneficiaries to the contract.  See Plaintiff's Brief at 4, 8-9.  As such, they must "take the contract as they found it."  Neal v. Republic Airlines, Inc., 605 F. Supp. 1145, 1150 n.5 (N.D. Ill. 1985).  "'Actual possession of the bill of lading with the [liability] limit is not required before a party with an economic interest in the shipped goods can be held to the limitation.'"  Read-Rite, 186 F.3d at 1198 (quoting Royal Ins. Co. v. Sea-Land Service Inc., 50 F.3d 723, 727 [9th Cir. 1995]).

Contrary to the plaintiffs' assertions that they are inapposite, DHL cited two cases, Neal v. Republic Airlines, 615 F. Supp. 1145 (N.D. Ill.) and Reece v. Delta Airlines, 731 F. Supp. 1131 (D.Me. 1990), which directly address the issues in this motion.  Both cases involve claims brought by family members against an air carrier relating to the shipment of human remains.  The courts in both cases found that the plaintiffs were bound by the terms of the shipping contract, including the limitation of liability, even though the plaintiffs were not parties to the contract.  The fact that the plaintiffs in those cases did not also include the shippers as defendants in the lawsuits does not make those cases inapplicable to this matter.  Therefore, this court finds that DHL's contract of carriage contained an enforceable limitation of liability and that the plaintiffs are bound by it as third party beneficiaries to the contract.

The plaintiffs' remaining contentions are without merit. The plaintiffs assert that "DHL cites no legal authority to limit plaintiffs' recovery to a maximum of $100 against the other defendants." (Plaintiffs' Brief at 8). However, "DHL does not contend that its $100 limitation of liability limits plaintiffs' recovery against the other defendants." (DHL's Reply Brief at 11). The plaintiffs also state that "[b]ecause Suhor has indemnified DHL and McKay-Davis has indemnified Suhor, plaintiff is entitled to a jury determination of the total damages sustained by the plaintiffs as a result of the combined negligence and/or contractual breach of all the parties." (Plaintiffs' Brief at 9-10). DHL acknowledges that if this motion for summary judgment is granted "plaintiffs will be entitled to pursue their case against any of the remaining defendants, and a jury will still have the opportunity to determine the plaintiffs' total damages." (DHL's Reply Brief at 12). Therefore, the plaintiffs' assertions that DHL's liability cannot be limited because it will somehow impact their ability to seek damages from the other defendants is incorrect. In sum, for the reasons stated herein, the court concluded that DHL's liability to the plaintiffs in this action will be limited to the $100.00 specified in the contract.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that DHL's motion for summary judgment on the plaintiffs' breach of contract claim be and hereby is **granted** on the grounds stated in its motion. (Docket # 158).

Dated at Milwaukee, Wisconsin, this 23th day of November, 2010.

> BY THE COURT:
>
> s/ Patricia J. Gorence
> PATRICIA J. GORENCE
> United States Magistrate Judge