**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**MARLENEA JACKSON and**
**ERICA JACKSON (a minor),**

               Plaintiffs,

        -vs-                                                               Case No. 07-C-1037

**MCKAY-DAVIS FUNERAL HOME,**
**TRAVELERS INSURANCE COMPANY, et al.,**

               Defendants.

**DECISION AND ORDER**

On November 6, 2012, the Court issued an order denying the plaintiffs' motion for Rule 11 sanctions and, in turn, awarding McKay-Davis Funeral Home its reasonable costs and attorney fees that it incurred in response to the plaintiffs' Rule 11 motion. The Rule 11 motion related to McKay-Davis's motion to reconsider Judge Gorence's ruling on summary judgment. The Court found that the plaintiffs' Rule 11 motion was untimely and that McKay-Davis's motion to reconsider "did not run afoul of Rule 11 in any respect." *Jackson v. McKay-Davis Funeral Home*, 2012 WL 5423739, at *3 (E.D. Wis. Nov. 6, 2012). With regard to costs and fees, the Court agreed with McKay-Davis that the plaintiffs' motion for sanctions was "sanctionable in and of itself. The argument that McKay-Davis somehow violated Rule 11 by offering reasonable arguments in relation to Judge Gorence's ruling on summary judgment is simply frivolous, Rule 11(b)(2), and the fact that the plaintiffs waited until after Judge Gorence issued her ruling suggests that it was brought for an improper purpose. Rule 11(b)(1)." *Id.* at

*4.

McKay-Davis requests an award of $2,646.00 in attorneys' fees (19.6 hours of work at the billable rate of $135.00/hour) and $501.36 for costs and disbursements (Westlaw research) for a total of $3,147.36. Plaintiffs object to the total number of hours, noting that they spent only three hours preparing their Rule 11 motion. Of course, McKay-Davis spent only three hours responding to the threat of sanctions pursuant to the safe harbor provision set forth in Rule 11(c)(2), and if the plaintiffs would have taken heed and not filed the motion, as they should have, no more hours would have been wasted dealing with their frivolous motion. More generally, the fact that the plaintiffs spent just three hours preparing their motion only demonstrates their own carelessness. The plaintiffs cannot use their own lack of thought and effort as a weapon to demonstrate that the time and effort spent in response to their motion was excessive or unreasonable. A party that is publicly accused of filing frivolous papers for an improper purpose has the right to take the allegation seriously and demonstrate that the opposite is true. The costs and fees incurred in opposition to the plaintiffs' Rule 11 motion were reasonable.

McKay-Davis's motion for costs and attorney fees [ECF No. 243] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 20th day of February, 2013.

BY THE COURT:

*[signature]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**